UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

SHELBY JOHNSON,                                    CIVIL NO. 09-2841 (MJD/JSM)

       Plaintiff,

v.                                                     <u>REPORT AND RECOMMENDATION</u>

NAVITOR/COSCO COMPANIES
aka TAYLOR CORPORATION.,

       Defendant.

       JANIE S. MAYERON, U.S. Magistrate Judge

The above matter came on before the undersigned upon defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment [Docket No. 3]. Defendant's motion was decided on the papers.[1] This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation by the District Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c).

For the reasons discussed below, IT IS RECOMMENDED THAT:

1.      Defendant's Motion to Dismiss or in the Alternative for Summary Judgment [Docket No. 3] be **GRANTED**; and

2.      Plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE**.

**I.**     **FACTUAL BACKGROUND**

This matter arises out of plaintiff Shelby Johnson's ("Johnson") Title VII claims against "Navitor/Cosco Companies aka Taylor Corporation." The Complaint alleged as follows:

---

[1]     See April 21, 2010 Order [Docket No. 11].

Johnson, an African American, is presently employed as a Customer Service Representative II for retail sales by defendant at Navitor Costco and has been employed since January 2005. See Complaint [Docket No. 1], ¶¶ 6, 9. Johnson is the only African American employed as a customer service representative at defendant's Midwest Center. Id., ¶ 15. Johnson is qualified to be promoted to and applied to become a Customer Service Representative IV (Escalation Specialist); and a Customer Service Representative IV (Customer Development Specialist); she was denied these positions by defendant. Id., ¶¶ 7, 8, 15. In addition, Johnson applied for nine other positions with defendant. Id.

Johnson's performance ratings have been above average, she has been a role model for her peers, has assisted new team members and given them positive feedback, has had above expectation ratings for attendance and time management, has been noted by management as having made few errors, and won a contest for being the best customer service representative. Id., ¶¶ 9, 10, 12, 15.

Contrary to defendant's assertions, Johnson never expressed that she did not want to be involved with training; she only stated that she wanted to be compensated for the training. Id., ¶¶ 10, 13.

Defendant's assertion that Johnson does not work well in a team setting with its internal customers was a fabrication and pretext for racial discrimination. Id., ¶ 11.

Johnson was better qualified and had more experience for the positions she applied than those hired by defendant, who were all Caucasians, and defendant's reasoning for not offering her any of the positions for which she applied was a pretext and based on race. Id., ¶¶ 14, 16.

Based on all of these allegations, Johnson alleged that defendant discriminated

against her on the basis of her race which was an intentional violation of Title VII of the 1964 Civil Rights Act.  Id. at p. 4.

On January 28, 2009, Johnson filed a charge of discrimination with the Minnesota Department of Human Rights ("MDHR") against Taylor Corporation ("Taylor") for being passed over for promotion for Caucasian employees who were less qualified.  See Affidavit of Richard D. Beerling [Docket No. 6] ("Beerling Aff."), Ex. 3.  There was a dispute by the parties as to whether Taylor was the proper party charged.  Id., Ex. 4 (March 24, 2009 Decision by the MDHR).  On March 16, 2009, Johnson filed a second charge of discrimination with the MDHR against "Navitor" for being passed over for promotion for Caucasian employees who were less qualified.  Id., Ex. 1.  Based on this second charge, the MDHR found the first charge against Taylor to be moot and the Equal Employment Opportunity Commission ("EEOC") issued a right-to-sue letter to Johnson against Taylor. Id., Ex. 4; Ex. 5 (April 27, 2009 EEOC Dismissal and Notice of Rights).

On July 9, 2009, the EEOC sent Johnson and her counsel of record, by mail, a Dismissal and Notice of Rights letter stating that it was unable to conclude that a violation occurred on her second charge against Navitor.  Id., Ex. 2 (July 9, 2009 EEOC Dismissal and Notice of Rights); see also, Complaint, p. 1 (alleging that Johnson filed a complaint with the EEOC, and she was issued a right-to-sue letter on July 9, 2009).

Both the April 27, 2009 and July 9, 2009 Dismissal and Notice of Rights issued by the EEOC included a notice of suit rights:

> You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this Notice**; or your right to sue based on this charge will be lost.

Id., Exs 2, 5 (emphasis in original).

Subsequently, Johnson filed her suit with this Court. According to the Official Court Electronic Document Filing System for the District of Minnesota, the Complaint was electronically filed with the Court on October 13, 2009. See Docket No. 1, Receipt Information. Navitor, Inc. represented that one of its officers was served with the Summons and Complaint for the present action on February 17, 2010. See Beerling Aff., ¶ 7.

Defendant[2] has brought a motion to dismiss or, in the alterative, for summary judgment on the grounds that Johnson's Title VII lawsuit is time-barred against Navitor because it was not commenced within the 90-day period after her receipt of the EEOC Dismissal and Notice of Rights letters. See Def.'s Mem. at pp. 1-2. In this regard, applying the 90-day rule and the presumption applied by this Circuit regarding receipt, defendant claimed that Johnson's deadline to file her suit was Monday, October 12, 2009, but she did not file her Complaint until the next day, on October 13, 2009.[3] Id. at p. 2.

In the alternative, based on Rule 12(b)(5) of the Federal Rules of Civil Procedure defendant argued that the suit should be dismissed against Navitor because the Complaint was not served on Navitor within the 120 days of the filing of the Complaint as required by Rule 4(c)(1); instead, the Complaint was served 127 days after Johnson filed it with the Court. Id. at p. 2. As to Taylor, Cosco and Cosco Companies, defendant argued that dismissal under Rule 4(c)(1) was appropriate as none of these companies have ever been

---

[2]  Because it was unsure who the defendant is in this case, Navitor, Johnson's employer, made arguments as to Navitor, Taylor, Cosco and Cosco Companies. See, e.g., Memorandum of Law in Support of Defendant's Motion to Dismiss, or, in the Alternative, for Summary Judgment ("Def.'s Mem.") at p. 2.

[3]  The Court notes that the ninetieth day fell on Monday October 12, 2009, which was

served with the Complaint.  Id.  Additionally, defendant submitted that the claims against Cosco and Cosco Companies were barred because Johnson failed to exhaust her administrative remedies with the EEOC as to them, and as for Taylor, defendants asserted the claims should be dismissed with prejudice because they too were time-barred.  Id.

## III.    DISCUSSION

Under Federal Rule of Civil Procedure improper service of process may be grounds for dismissal.  See Fed. R. Civ. P. 12(b)(5).  The burden of establishing the validity of service of process falls on the plaintiff.  See Northrup King Co. v. Compania Productora Semillas Algodoneras Selectas, S.A., 51 F.3d 1383, 1387 (8th Cir. 1995) (citation omitted). "Proper service of process is necessary because,'"[i]f a defendant is improperly served, a federal court lacks jurisdiction over the defendant.'" Redding v. Hanlon, 2008 WL 762078 at *5 (D. Minn. March 19, 2008) (citing Printed Media Services, Inc. v. Solna Web, Inc., 11 F.3d 838, 843 (8th Cir. 1993), citing Dodco, Inc. v. American Bonding Co., 7 F.3d 1387, 1388 (8th Cir.1993); Murphy Bros., Inc. v. Michetti Pipe Stringing, 526 U.S. 344, 350 (1999); Sieg v. Karnes, 693 F.2d 803, 807 (8th Cir. 1982); Personalized Brokerage Services, LLC v. Lucius, 2006 WL 2975308 at *1 (D. Minn. Oct. 16, 2006)).

Pursuant to Rules 4(c) and 4(m), a plaintiff is responsible for service of the Summons and Complaint upon defendant within 120 days after the filing of the Complaint. Rule 4(h) addresses service of process on corporations and provides in relevant part:

> h) Serving a Corporation, Partnership, or Association. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:

---

Columbus Day and the Court, including the Clerk's Office, was closed.

> (1) in a judicial district of the United States:
>
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant. . . .

Fed. R. Civ. P. 4(h)(1).

Rule 4(e)(1) provides that service in a federal district court may be effected pursuant to the laws of the state in which the court is located. Pursuant to Minnesota law, "a plaintiff may effectively serve a summons and complaint by two methods: personally under Minn. R. Civ. P. 4.03 or acknowledgment by mail under Minn. R. Civ. P. 4.05." Turek v. ASP of Moorhead, Inc., 618 N.W.2d 609, 611 (Minn. Ct. App. 2000), rev. denied (Minn. Jan. 26, 2001). With regard to corporations, under Minnesota law, "[s]ervice on a corporation is accomplished by delivering a copy of the complaint to an officer, managing agent, or any other agent expressly or impliedly designated to receive service." Alholm v. American Steamship Co., 144 F.3d 1172, 1176 (8th Cir. 1998) (citing Minn. R. Civ. P. 4.03(c). "'Service of process in a manner not authorized by the rule is ineffective service.'" Lundgren v. Green, 592 N.W.2d 888, 890 (Minn. Ct. App. 1999), rev. denied (Minn. July 28, 1999) (quoting Tullis v. Federated Mutual Ins. Co., 570 N.W.2d 309, 311 (Minn. 1997)).

Proof of service must be made to the Court via an affidavit from the server. See Fed. R. Civ. P. 4(l). In this case, no affidavit of service has been filed with regards to the service of the Summons and Complaint on defendant.

6

A court must dismiss an action without prejudice if service is not made "within 120 days after the filing of the complaint." Fed. R. Civ. P. 4(m). Dismissal is appropriate even where a plaintiff effectuates service after the 120 days expires. See Colasante v. Wells Fargo Corp., 81 Fed. Appx. 611, 612-14, 2003 WL 22734595 at *1-2 (8th Cir. Nov. 20, 2003) (upholding the dismissal of a complaint under Rule 4(m) that was served on 121 days after the complaint was filed); see also Wilkinson v. U.S. Postal Service, Civil No. 07-4312 (JNE/JJG), 2008 WL 4833090 at *2-3 (D. Minn. Nov. 04, 2008) (dismissing a complaint for untimely service under Rule 4(m) were no good cause was shown for the late service).

In this case, the Complaint was filed on October 13, 2009. Under Rule 4(m), the deadline for service of the Summons and Complaint on the defendants was February 10, 2010. While no affidavit of service has been filed with this Court pursuant to Fed. R. Civ. P. 4(l), Navitor's counsel has represented that an officer was served with the Summons and Complaint for the present action on February 17, 2010. See Beerling Aff., ¶ 7. Johnson has submitted nothing to dispute this assertion, and there is no evidence in the record that either Cosco, Cosco Companies or Taylor Corporation have been served.

Rule 4(m) requires this Court to extend time for service if Johnson shows good cause for her failure to serve defendants in a timely manner. Here, Johnson did not provide any explanation to the Court. Indeed, Johnson failed to provide any substantive written response to defendant's motion.[4] Based on this record, this Court has no basis for

---

[4] Defendant filed its motion and notice of hearing on the motion on March 10, 2010 [Docket Nos. 3, 4]. Following referral of the motion to this Court, defendant filed an amended notice of hearing, scheduling the date for the hearing on the motion on May 3, 2010 at 11:00 a.m. [Docket No. 9]. When Johnson filed no written response to the motion,

deeming Johnson's service on Navitor timely, or to provide Johnson additional time to serve Taylor, Cosco or Cosco Companies with her Complaint, if she did intend to sue these latter companies, as well. Therefore, pursuant to Rule 4(m), the Complaint should be dismissed without prejudice.[5]

## RECOMMENDATION

For the reasons set forth above and based on all the files, records, and proceedings herein, IT IS RECOMMENDED that:

1. Defendant's Motion to Dismiss or in the Alternative for Summary Judgment [Docket No. 3] be **GRANTED**; and

2. Plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE**.

---

the Court cancelled the hearing and stated the motion would be decided on the papers submitted by defendant. See Docket No. 11 (Order dated April 21, 2010). On May 3, 2010, Johnson's counsel filed on ECF a letter with the Court stating that she was not able to prepare a response to defendant's motion to dismiss because her oldest brother had died on March 12, 2010, her husband had been recently diagnosed with cancer, her sister was undergoing radiation therapy, and due to her own physical ailments. See Docket No. 12. Counsel closed by stating "[w]ith all due respect for your court order, I can have a letter brief prepared by May 6, 2010." Id. The Court received no such submission from Johnson's counsel. This Court also notes that Johnson sent to the Court a copy of a July 29, 2010 letter she sent to her attorney regarding counsel's failure to submit any response by May 6 and counsel's failure to respond to Johnson's communications.

[5] Given that Johnson failed to make timely service, the Court cannot address defendant's claims that Johnson's suit should be dismissed with prejudice because it is time-barred as to Navitor or Taylor, or its argument that the suit against Cosco and Cosco Companies should be dismissed for failure to exhaust administrative remedies. See Thao v. Deutsche Bank Nat. Trust Co., 2010 WL 2292260 at *1 (D. Minn. June 03, 2010) ("First, Rule 4(m) expressly contemplates dismissal without prejudice where the plaintiff has failed to timely effect service. Second, by virtue of that failure here, the Court lacks personal jurisdiction over Deutsche Bank. Courts should not address claims on the merits where personal jurisdiction is lacking.") (citations omitted).

DATED: September 15, 2010

s/ *Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **September 29, 2010**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this Rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.